UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEUROSURGICAL ASSOCIATES OF NJ, P.C., | Civ. No. 15-3236 |
| Plaintiff, | **OPINION** |
| v. | |
| QUALCARE INC., | |
| Defendant. | |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the Motion of Defendant QualCare, Inc. to Dismiss the Complaint of Plaintiff Neurosurgical Associates of New Jersey, P.C. (Mot. Dismiss, ECF No. 8.) Plaintiff opposes. (Pl.'s Opp. Mot. Dismiss, ECF No. 9.) The Court has issued the Opinion below based on the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's Motion will be denied.

BACKGROUND

Plaintiff's action alleges a violation of the Employee Retirement Income Security Act ("ERISA"). Specifically, Plaintiff seeks reimbursement for medical care under the terms of a group health insurance plan.

Plaintiff is a non-participating or out-of-network health care provider that performed cervical spinal fusion surgery on a patient who was a participant in an insurance plan maintained by Defendant. The patient signed an assignment of benefits to Plaintiff before undergoing the surgery on December 25, 2011. Plaintiff claims that the services rendered amounted to $115,478.00 and were emergent in nature. However, when a claim for these services was

1

submitted to Defendant, Plaintiff was reimbursed only $4,074.01. Plaintiff claims that Defendant erroneously underpaid Plaintiff by failing to treat the surgery as a service rendered on an emergency basis and instead treated it as an ordinary claim for out-of-network benefits. Moreover, according to Plaintiff, there was a previous course of dealing between the parties that further supports Plaintiff's entitlement to additional reimbursement. The patient submitted to Defendant additional administrative requests and appeals of the claim, seeking proper reimbursement for the surgery. All such requests were allegedly denied. On May 8, 2015 Plaintiff filed this two-count lawsuit. The first count is a claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). The second count alleges failure to provide a full and fair review as required under 29 U.S.C. § 1133. On June 19, 2015 Defendant filed the present Motion to Dismiss Plaintiff's Complaint.

## DISCUSSION

A. Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6) a court must accept all well-pleaded factual allegations in the complaint as true, construe the complaint in the light most favorable to plaintiff, and then determine whether the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). With respect to this plausibility standard, demonstrations of a "mere possibility of misconduct" are insufficient; instead, the facts pleaded must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged." *Fowler*, 578 F.3d at 210–11 (quoting *Iqbal*, 556 U.S. at 678–79). The defendant bears the burden of showing that no claim has been asserted by the plaintiff. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

B. Analysis

Defendant advances three arguments why Plaintiff's Complaint should be dismissed. First, with respect to Count I, Defendant asserts that it is not an ERISA fiduciary. Second, Defendant argues that Plaintiff has not adequately alleged its entitlement to further reimbursement because Plaintiff has not demonstrated why additional payment is due under the terms and conditions of the group health plan. Plaintiff did not attach a copy of the relevant plan documents to the Complaint. Third, with respect to Count II, Defendant argues that 29 U.S.C. § 1133 does not provide a private cause of action. In response, Plaintiff has conceded that Count II is subsumed under Count I. Thus, the Court will not address Count II, considering it withdrawn.

Regarding Count I and Defendant's arguments relating to fiduciary status under ERISA,

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1) of this title.

29 U.S.C. § 1002(21)(A). Thus the fiduciary designation "attaches not just to particular persons, but to particular persons performing particular functions." *Edmonson v. Lincoln Nat'l Life Ins. Co.*, 725 F.3d 406, 413 (3d Cir. 2013) (quoting *In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 579 F.3d 220, 228 (3d Cir. 2009). Because discretion is the trigger for fiduciary status, "persons who perform purely ministerial tasks, such as claims processing and calculation, cannot be fiduciaries because they do not have discretionary roles." *Id.* at 422 (quoting *Confer v. Custom Eng'g Co.*, 952 F.2d 34, 39 (3d Cir. 1991)).

ERISA fiduciary status is highly fact-based, dependent upon the tasks performed by the individual or entity. Thus rulings on this issue have tended to occur after discovery rather than at

3

the pre-discovery motion to dismiss stage. *See, e.g.*, *In re Schering-Plough Corp. ERISA Litig.*, No. 03-1204 (KSH), 2007 WL 2374989, at *7 (D.N.J. Aug. 15, 2007) ("Fiduciary status is a fact sensitive inquiry and courts generally do not dismiss claims at this early stage where the complaint sufficiently pleads defendants' ERISA fiduciary status.") ("[A]t this stage such allegations, unless squarely refuted by Plaintiffs' own pleading or by documents essential to their claims, are sufficient."); *Edmonson*, 725 F.3d at 423 (holding that an insurer was an ERISA fiduciary on a motion for summary judgment). Here it appears that Plaintiff has alleged Defendant's fiduciary status based on the fact that it processed the patient's claim and handled the patient's appeals. *See Cohen v. Independence Blue Cross*, 820 F. Supp. 2d 594, 600–01 (D.N.J. 2011) (noting discretionary decisions made by a defendant in conducting and deciding appeals).[1] While bare, these allegations are sufficient to satisfy the Rule 12(b)(6) standard.[2]

Defendant's second argument for dismissing Count I is that Plaintiff has failed to adequately plead facts demonstrating its entitlement to additional reimbursement. It is true that the Complaint failed to identify any specific terms of the plan that would indicate further reimbursement is appropriate. And the reference to a prior course of dealing between the parties

---

[1] In *Cohen*, although the court granted the defendant's motion to dismiss with respect to a defendant who did not appear to be an ERISA fiduciary, the court's decision was based in part on the fact that the plaintiff had a prior opportunity to amend its pleading, and moreover, the court stated that the plaintiff could move to further amend the complaint if discovery revealed additional information to support that defendant's fiduciary status.

[2] "[D]ocument[s] integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis removed). While the terms of the Administrative Services Agreement highlighted by Defendant suggest that Defendant is not an ERISA fiduciary, these terms are not dispositive because "[w]hile ERISA requires the written plan document to name at least one fiduciary . . . other individuals not named in the written plan document may still qualify as fiduciaries of the plan if they have discretionary authority." *In re Schering-Plough*, 2007 WL 2374989, at *7 (citing 29 U.S.C. § 1002(21)(A)). At this point, the Complaint sufficiently pleads Defendant's fiduciary status, and Defendant has not carried its burden of showing that no claim has been asserted by Plaintiff.

is conclusory, offering no specific facts as to the nature and extent of the parties' previous transactions.  However, on a motion to dismiss, the Court may rely on documents integral to the complaint, which in this case would include the relevant plan documents.  *In re Burlington Coat Factory*, 114 F.3d at 1426.  Included within Defendant's Reply papers were copies of plan documents providing some indication that greater reimbursement may have been warranted.  (*See* Hofmann Certification., Ex. B at 26, 36, ECF No. 10-1 (stating that reimbursement for out-of-network emergency services is 70%).)  Thus at this point, Defendant has not carried its burden of showing that no claim has been asserted by Plaintiff.

## CONCLUSION

For the reasons above, Defendant's Motion to Dismiss will be denied.  An appropriate Order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.
